IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Civil Action No: 7:18-CV-34-D

| | |
|---|---|
| U.S. BANK, N.A., AS TRUSTEE FOR GREEN TREE 2008-HE1, <br><br> Plaintiff, <br><br> v. <br><br> MARTHA L. LEWIS, ROY NEIL LEWIS, KELLY DIANE LEWIS, CLARA D. LEWIS, RUBY A. BAZEN, formerly known as RUBY TODD LEWIS, and DEPARTMENT OF TREASURY – INTERNAL REVENUE SERVICE, <br><br> Defendants. | DEFAULT ORDER AND JUDGMENT AS TO DEFENDANTS MARTHA L. LEWIS, ROY NEIL LEWIS, KELLY DIANE LEWIS, CLARA D. LEWIS, and RUBY A. BAZEN formerly known as RUBY TODD LEWIS |

THIS CAUSE was decided by the undersigned United States District Court Judge presiding over the _____, 2019 session of the United States District Court, Eastern District, Southern Division, North Carolina, on Plaintiff's Motion for Default Judgment against Defendants Martha L. Lewis ("Martha"), Roy Neil Lewis ("Roy"), Kelly Diane Lewis ("Kelly"), Clara D. Lewis ("Clara"), and Ruby A. Bazen, formerly known as Ruby Todd Lewis ("Ruby") (collectively, the "Defaulted Defendants") for their failure to file an appearance or answer, or otherwise plead to Plaintiff's Complaint.

It appearing to the Court that default was entered against the Defaulted Defendants by the Clerk of Superior Court of Brunswick County, North Carolina on February 8, 2018 (prior to the case being removed to this Court) for their failure to plead or otherwise defend as required by law.

It further appearing to the Court that the Defendants were properly served with a copy of the Motion for Default Judgment, Supporting Memorandum of Law, and a Proposed Default Order

and Judgment, as shown by Plaintiff's Certificate of Service filed January 24, 2019, and it appearing that this matter is properly before this Court.

The Court makes the following findings of fact and legal conclusions:

## FINDINGS OF FACT

1. The real property that is the subject of this lawsuit is located in Brunswick County, North Carolina and is more particularly described as follows:

> Commencing at an existing MAG nail in the intersection of Village Point Road Southwest and Bay Road Southwest following two (2) courses and distances along the western margin of Village Point Road Southwest: (i) N 41-17-40 W 398.21 feet to a 5/8" existing iron pipe; and (ii) N 39-46-35 W 99.91 feet to an existing axle, said axle being the Point and Place of Beginning; thence from said Point and Place of BEGINNING, proceed the following five (5) courses and distances: (i) S 50-57-07 W 231.71 feet to an existing axle at a Bradford Pear; (ii) N 43-48-30 W 178.75 feet to a 5/8" existing iron pipe; (iii) N 25-29-14 E 258.59 feet to a 5/8" existing iron pipe; (iv) S 42-00-00 E 227.01 feet to a 5/8" rebar set; and (v) S 39-27-00 E 60.56 feet to the Point and Place of BEGINNING.

> Said property being the 1.27 acre tract as shown on the survey performed by William D. Lewis, Jr. of Bobby M. Long & Associates dated July 20, 2017 and entitled "Boundary Survey for U.S. Bank, N.A."

(the "Property").

2. On June 11, 1986, Danny Neil Lewis ("Danny") took title to the Property via a deed recorded with the Brunswick County Register of Deeds in Book 649 at Page 1074 (the "Deed").

3. Due to a mutual mistake on the part of the draftsmen and a mutual mistake between the parties, the Deed's legal description does not include two call distances and a point of direction in the Third Tract.

4. In 2001, U.S. Bank, N.A., as Trustee for Green Tree 2008-HE1's ("Plaintiff" or "U.S. Bank") predecessor in interest, Conseco Finance Servicing Corp. ("Conseco"), agreed to loan Danny, and his former wife, Clara, $94,500.00, in exchange for a first position lien on the Property.

5.    On February 27, 2001, a deed of trust from Danny and Clara to Conseco, U.S. Bank's predecessor in interest, attempting to secure the Loan to the Property was recorded with the Brunswick County Register of Deeds in Book 1438 at Page 1 (the "Deed of Trust").

6.    Due to a mistake on the part of the draftsman and a mutual mistake between the parties, the Deed of Trust inadvertently omitted portions of the Property from the Deed of Trust's legal description.

7.    Upon information and belief, on January 29, 2013, Danny passed away, leaving the Property to his heirs.

8.    Upon information and belief, as a result of Danny's death, his heirs, Martha, Roy, and Kelly, received an interest in the Property.

9.    U.S. Bank is the owner and holder of the Deed of Trust and the note associated therewith.

10.    On October 30, 2017, U.S. Bank commenced this civil action in Brunswick County, North Carolina by filing a Verified Complaint, Notice of Lis Pendens and Summons, and naming the Defaulted Defendants (among others) as parties.

11.    A copy of the Verified Complaint and Summons was served on Martha on November 21, 2017.

12.    A copy of the Verified Complaint and Summons was served on Roy on November 20, 2017.

13.    A copy of the Verified Complaint and Summons was served on Kelly on November 20, 2017.

14.    A copy of the Verified Complaint and Summons was served on Clara on November 20, 2017.

15.     A copy of the Verified Complaint and Summons was served on Ruby on November 20, 2017.

16.     An Entry of Default was entered against Defaulted Defendants on February 8, 2018, prior to this case being removed.

17.     On March 1, 2018, Defendant, Department of the Treasury – Internal Revenue Service (the "IRS") filed a Notice of Removal, transferring this matter to this Court. The Notice of Removal was served by the IRS on all parties not in default as evidenced by the Certificate of Service filed as Document 1 in this matter.

## CONCLUSIONS OF LAW

1.     U.S. Bank is the owner and holder of the Deed of Trust and the note associated therewith.

2.     U.S. Bank is entitled to an Order reforming the Deed to list the legal description of the Property as described herein and have said reformation relate back to and take effect as of June 11, 1986.

3.     U.S. Bank is entitled to an Order reforming the Deed of Trust to list the legal description of the Property as described herein and have said reformation relate back to and take effect as of February 27, 2001, the date on which the Deed of Trust was recorded.

4.     The Property is owned subject to the Deed of Trust as a first position lien.

5.     The Defaulted Defendants have failed to plead or answer as required by law, and U.S. Bank is entitled to the relief set forth in its Verified Complaint

BASED UPON THE FOREGOING, IT HEREWITH IS ORDERED, ADJUDGED AND DECREED:

1.     The Deed is reformed to describe the Property as described herein and said reformation relates back to and takes effect as of June 11, 1986;

2.     The Deed of Trust is reformed to describe the Property as described herein and said reformation relates back to and takes effect as of February 27, 2001; and

3.     Title to the Property is held subject to the Deed of Trust as a first position lien.

SO ORDERED.  This the _15_ day of February 2019.

JAMES C. DEVER III
United States District Judge